sary to transmute it into some such form as this: 'No law shall be revived by operation of law, nor shall it be revived or amended by reference to its title alone.' And the harmony that would exist in the sentence thus constructed, and its freedom from all tautology, would seem to demonstrate that these methods of revival are diverse and distinct things, and that only one of them is embraced in this constitutional expression. I cannot agree to the proposition that because the people, in their constitution, have declared that a law shall not be revived by a statutory reference to its title, that they have thereby likewise declared that it shall not be revived by the operation of a well-known rule of the common law. And this is plainly the sense in which the provision was expounded."

What is here stated applies with equal force to the provision in the Constitution of this State, since there is no material difference in the language employed, and our conclusion is the same with respect to the latitude to be allowed it.

The judgment is affirmed and the appeal is dismissed.

---

## Sterling Township Supervisors v. Wayne County Commissioners, Appellants.

Argued Feb. 19, 1917. Appeal, No. 304, Jan. T., 1916, by defendant, from order of C. P. Wayne Co., June T., 1916, No. 28, awarding mandamus, in case of The Supervisors of Sterling Township v. The Commissioners of Wayne County. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Petition for Mandamus. Before SEARLE, P. J.

The facts appear in Manchester Township Supervisors v. Wayne County Commissioners, 257 Pa. 442.

STERLING TWP. S. *v.* WAYNE CO. COM'RS., Appel. 451

1917.]    Assignment of Error—Opinion of the Court.

The court on final hearing awarded the mandamus as prayed for. Defendants appealed.

*Error assigned* was in awarding the mandamus.

*Charles A. McCarty* and *M. E. Simons,* for appellants.

*E. C. Mumford,* with him *J. O. Mumford,* for appellee.

OPINION BY MR. JUSTICE STEWART, April 16, 1917:

This case was heard in the court below and argued here on appeal with the case of Supervisors of Manchester Township v. Wayne County, in which the opinion has just been handed down, affirming the judgment appealed from. The facts are the same in both cases and the question raised is the same in each. It follows that like disposition is to be made of this.

The assignments are overruled and the judgment is affirmed.

---

## Schmitt, Appellant, *v.* Carbondale et al.

*Evidence—Ancient documents—Real property—Dedication—Adverse possession—Public parks—Condemnation proceedings — Estoppel.*

1. A map, found in the office of a corporation which had conveyed land shown upon the map, is admissible in evidence as an ancient document where it is shown to be more than thirty years old, is to all appearances genuine and has been acted upon.

2. A citizen acquires no rights against the public by the maintenance of a fence or building in a highway and the same rule applies to a public park.

3. Where a building has been erected upon land which had been dedicated to the public for use as a public park, the passage of a municipal ordinance providing for the condemnation of the land occupied by such building does not estop the municipality from claiming the property, especially where no viewers were appointed and nothing further was done in reference to the ordinance.

4. A canal company owning a tract of land in a village laid the